IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-196-MHT-JTA |
| | ) (WO) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Before the court is the Complaint (Doc. No. 1) filed by frequent[1] *pro se* Plaintiff Peter J. Smith, who is proceeding *in forma pauperis*. For the reasons stated below, Smith is ordered to amend his Complaint in accordance with this Order.

---

[1] As of the date of this Recommendation, Smith has filed forty-seven cases in this court. "In fact, he has distinguished himself as one of the most notoriously, persistently, and intransigently prolific filers of meritless *in forma pauperis* cases in this court's history." *Smith v. Circle K Inc.*, No. 2:23-CV-67-MHT-JTA, 2023 WL 5603188, at *3 (M.D. Ala. July 14, 2023) (footnote omitted), *report and recommendation adopted*, No. 2:23CV67-MHT, 2023 WL 5596245 (M.D. Ala. Aug. 29, 2023). "A review of the cases filed by Smith shows that, although he filed his first case here in 2006 and became a frequent litigant soon thereafter, his filing rate has significantly accelerated in the last year or two." *Id*. at n.4. Nearly every case Smith has filed has been dismissed pursuant to 28 U.S.C. § 1951(e)(2)(B) as frivolous or for failure to state a claim upon which relief can be granted, for failure to comply with court orders, for failure to prosecute, or for lack of jurisdiction. *See Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP; *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA; *Smith v. Circle K Inc.*, Case No. l2:23-cv-00078-MHT-JTA; *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA; *Smith v. Retirement System of Alabama*, Case No. 2:23-cv-00024-ECM-SMD; *Smith v. City of Montgomery*, Case No. 2:23-cv-00023-ECM-SMD; *Smith v. Circle K Inc.*; Case No. 2:23-cv-00022-MHT-KFP; *Smith v. City of Montgomery*, Case No. 2:23-cv-00021-RAH-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:22-cv-00669-WKW-CWB; *Smith v. City of Montgomery*, Case No. 2:22-cv-00668-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00482-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00481-WKW-CWB; *Smith v. Subway Inc.*, Case No. 2:22-cv-00479-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00441-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00440-

I.      STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00439-WKW-CWB; *Smith v. Montgomery County*, Case No. 2:22-cv-00307-WKW-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00298-MHT-JTA; *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00169-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00168-MHT-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00092-RAH-KFP; *Smith v. Restaurant Brands International Inc.*, Case No. 2:21-cv-00084-WKW-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00238-RAH-SMD; *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA; *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB; *Smith v. Waffle House Inc.*, Case No. 2:19-cv-01033-WKW-SRW; *Smith v. Subway Inc.*, Case No. 2:19-cv-00592-RAH-SMD; *Smith v. Walmart Inc.*, Case No. 2:20-cv-00406-MHT-SMD; *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC; *Smith v. Humana Inc.*, Case No. 2:19-cv-00212-ECM-SMD; *Smith v. Chick-Fil-A RSA Regions Tower*, Case No. 2:19-cv-00128-WKW-SRW; *Smith v. Walmart Stores, Inc.*, Case No. 2:19-cv-00089-WKW-WC; *Smith v. U.S. Agencies*, Case No. 2:16-cv-00218-WKW-GMB; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00167-WKW-TFM; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB; *Smith v. Game Stop*, Case No. 2:16-cv-00129-WKW-WC; *Smith v. Cedar Crest Nursing Home*, Case No. 2:16-cv-00111-WKW-WC; *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM; *Smith v. Auburn University*, Case No. 2:12-cv-00230-MEF-TFM; *Smith v. Eike*, Case No. 2:12-cv-00085-MHT-CSC; *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC; *Smith v. Cedar Crest Nursing and Rehabilitation*, Case No. 2:08-cv-00580-MEF-CSC; *Smith v. Alabama Department of Transportation*, Case No. 2:06-cv-00118-WKW-DRB.

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

"[S]ection 1915[(e)(2)(b)(i)], unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

3

clearly baseless.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Dailey v. Correct X Pharmacy*, No. 4:22-cv-00139-CDL-MSH, 2022 WL 17730877, at *1 (M.D. Ga. Dec. 16, 2022) ("The Court may dismiss" as frivolous "claims that are based on 'indisputably meritless legal' theories and 'claims whose factual contentions are clearly baseless.'" (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). A claim is subject to dismissal as frivolous under § 1915(e)(2)(B)(1) if it "lacks an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100 (quoting *Neitzke*, 490 U.S. at 327); *Tucker v. Trump*, No. 1:17-cv-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A complaint lacks a basis in law, for example, where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

The term "frivolous" as used in § 1915(e)(2)(B)(i) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable

facts available to contradict them," such as when the claim is founded on "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Further, in determining whether a complaint is frivolous and malicious, "a litigant's history of bringing unmeritorious litigation can be considered." *Bilal*, 251 F.3d at 1350. A complaint may be dismissed as frivolous and malicious under § 1915(e)(2)(B)(i) when the complaint is meritless abuse of judicial process. *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (affirming dismissal of litigation as malicious where the plaintiff was justifiably found to be a vexatious litigant and the complaint an abuse of process because the plaintiff filed his complaint simultaneously in multiple districts across the country).

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Id.* at 477 (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). However, if the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, an opportunity to amend is not required. *Id.*; *see also Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one

5

opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes*, 350 F.3d at 1160 ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. 2:10-cv-826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10-cv-826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.     DISCUSSION

Plaintiff Peter J. Smith has filed numerous lawsuits against the City of Montgomery and its employees, including Nancy Boyd,[2] several of which are currently pending in this court. In this particular case, Smith sues the City of Montgomery, Boyd, Juliette Hampton,[3] the Morgan Library, Montgomery Mayor Steven L. Reed, Montgomery Police Chief Darryl Albert, and Montgomery City Councilmembers Oronde K. Mitchell, Brantley Lyons, Glen O. Pruitt, Jr., Marche Johnson, Clay Anderson McInnis, Cornelius C.C. Calhoun, Ed Grimes, Charles Jinright, and Audrey Graham.

Smith alleges that, on March 16, 2022, he was on one side of the first floor of the Morgan Library, and his property was on the other side of the same floor. (Doc. No. 1 at

---

[2] *See*, *e.g.*, *Smith v. Boyd*, Case No. 2:22-cv-199-MHT-JTA (in which Smith alleged he was taken to the hospital from the Morgan library in an ambulance when he fell ill, then he was subsequently arrested for trespassing at the hospital; case was dismissed for failure to prosecute and failure to comply with court orders); *Smith v. Boyd*, Case No. 2:22-cv-168-MHT-JTA (in which Smith has been ordered to amend his initial Complaint, which alleged only that Boyd and two police officers approached him on a public sidewalk, because the Complaint fails to state a claim upon which relief can be granted).

[3] Judicial notice is taken that the full name of the Morgan Library is the "Juliette Hampton Morgan Memorial Library." "Juliette Hampton" is listed here as a Defendant in an abundance of caution because the Clerk, in docketing the Complaint, listed "Juliette Hampton" as a Defendant. The Office of the Clerk has a great deal of experience deciphering Smith's many complaints for docketing purposes, and the undersigned will not second-guess the Clerk's best efforts where they are arguably warranted by Smith's drafting choices. The Complaint is somewhat difficult to decipher. On the face of the Complaint, it is not clear whether Smith intended to sue someone named Juliette Hampton as a Defendant, although it seems probable that he was instead attempting to name the Juliette Hampton Morgan Library as a Defendant, or at least list it as the place where the events giving rise to his Complaint occurred. A comma between "Juliette Hampton" and "Morgan Library" gives rise to the ambiguity, as well as a complete lack of descriptors for Juliette Hampton, the Morgan Library, or the Juliette Hampton Morgan Library. In any event, if Juliette Hampton is not a Defendant, Smith can correct the error by filing an Amended Complaint in accordance with this Order that clearly delineates who the Defendants are supposed to be.

1-2.) Head librarian Nancy Boyd[4] called two armed police officers (both males, one who was Black and the other, White) and escorted them to Smith. Smith alleges nothing more than this – no discussion or interaction between himself and Boyd or the officers, no request that he leave the premises, no blocking of exits, no confiscation of property, no arrest, no injury. Without articulating any facts whatsoever that could reasonably connect the actions of Boyd and the officers to nefarious motives, Smith contends that Boyd's actions constituted "race discrimination, gender discrimination, age discrimination, and federal witness tampering," as well as "retaliation." (*Id*. at 2-3.) Smith does not allege that any of the thirteen named Defendants besides Boyd personally had anything at all to do with the incident. Nevertheless, he seeks to recover punitive damages against all fourteen Defendants. (*Id*. at 3.)

Among other things, Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Smith's Complaint fails to show plainly that he is entitled to relief. Notably, the Complaint contains no factual allegations to substantiate Smith's contentions that Boyd's motives were allegedly unlawful or actionable, such as alleged unlawful discrimination or unlawful retaliation.

There are numerous fatal issues with Smith's Complaint. For example, Smith contends, "I am a black male so we have race discrimination, gender discrimination, age discrimination, and federal witness tampering." (Doc. No. 1 at 2.) As Smith is already

---

[4] According to Smith's Complaint in a different case, Boyd is an African-American woman. *Smith v. City of Montgomery, Ala.*, Case No. 2:22-cv-168. (Doc. No. 1.)

8

aware, however, the mere fact that he is a Black male is not sufficient to establish a race discrimination claim, much less a claim under any of the other federal laws he invokes. *Being* a person of a particular race while on the receiving end of an adverse interaction is simply not enough to give rise to a civil rights action for race discrimination; rather, Smith must allege facts from which it can reasonably be inferred that a discriminatory act was directed at him *because of* his race. *Cf. Smith v. Eike*, No. 2:12CV85-MHT, 2013 WL 639187, at *6 (M.D. Ala. Jan. 9, 2013), *report and recommendation adopted*, No. 2:12CV85-MHT, 2013 WL 639134 (M.D. Ala. Feb. 20, 2013) (stating, in a similar case in which Smith alleged that he was asked to leave a food establishment after purchasing food: "[e]vidence of discriminatory *intent* is required to establish a *prima facie* case of race discrimination, … therefore, the mere fact that the [defendant] is of a different race than Smith, without more, is not sufficient to establish a *prima facie* case" (citing *Hall v. Ala. Ass'n of School Bds.*, 326 F.3d 1157, 1167 (11th Cir. 2003)) (emphasis in original)).

Further, "under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality like Defendant City of Montgomery may not be held liable for a § 1983 violation under a theory of *respondeat superior* for the actions of its employees." *Lietzke v. City of Montgomery*, *AL*, No. 22-cv-1031-WKW-JTA, 2023 WL 5034148, at *11 (M.D. Ala. May 3, 2023), *report and recommendation adopted*, No. 2:20-CV-1031-WKW, 2023 WL 5022260 (M.D. Ala. Aug. 7, 2023). Smith alleges no facts from which an unconstitutional policy or custom can reasonably be inferred. In fact, he alleges no policy or custom at all. For another thing, "mayors and police chiefs cannot be held liable pursuant to § 1983 on a theory of *respondeat superior*." *Id*. Smith alleges no facts to support the

9

inference that the mayor or police chief personally participated in the constitutional deprivation or that the mayor's or police chief's actions bore a causal relationship to any alleged constitutional deprivation.

Perhaps the most egregious problem with the Complaint is Smith's failure to allege any facts from which it could be inferred that the mere approach by Boyd and the police officers was at all inappropriate, much less the result of unlawful motives. *Cf. id*. (concluding that a complaint filed *pro se* by a vexatious litigant was frivolous, malicious, and failed to state a claim upon which relief could be granted where the plaintiff merely alleged that police tried to speak to him, and "nothing in the Complaint suggest[ed] that [the plaintiff] was detained or otherwise prevented from leaving the conversation with the police by, for example, simply walking away or going inside his house"). Approaching someone in a public place, without more, is not a violation of any of the federal statutes or civil rights laws Smith mentions in his Complaint – even if the approach is made by the presumably impressive combination of a head librarian flanked by two armed police officers. *United States v. Drayton*, 536 U.S. 194, 204 (2002) ("Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen."). Police officers themselves, not to mention head librarians, require no particularized level of suspicion or justification to approach individuals in a public place. *See Lietzke*, 2023 WL 5034148, at *11 (citing *Drayton*, 536 U.S. at 204). As there is "nothing in the Constitution [that] prevents a policeman from addressing questions to anyone on the streets," there is surely nothing in the constitution that prevents the same

10

police officer (much less a head librarian) from merely approaching someone in a public library, without more.[5] *Id*. (quoting *Lietzke v. City of Montgomery*, Case No. 2:13-cv-00849-MHT-CSC (Doc. No. 32 at 6-7) (quoting in turn *United States v. Franklin*, 323 F.3d 1298, 1301 (11th Cir. 2003) (quoting in turn *Terry v. Ohio*, 392 U.S. 1, 34 (1968) (White, J. concurring)))) (internal quotation marks omitted); *see also Drayton*, 536 U.S. 194, 204 (2002) (noting that, where "[t]here was no application of force, no intimidating movement, no overwhelming show of force, no brandishing of weapons, no blocking of exits, no threat, no command, not even an authoritative tone of voice," it was "beyond question that had this encounter occurred on the street, it would be constitutional").

For these reasons, the Complaint as it currently stands is subject to dismissal pursuant to Rule 8 of the Federal Rules of Civil Procedure, *Twombly*, *Iqbal*, and § 1915(e)(2)(B)(i)-(ii). *See Iqbal*, 556 U.S. 662, 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (holding that, though the factual allegations need not be overly detailed, they "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"). Hence, Smith will be allowed one opportunity to amend his Complaint to state a claim upon which relief can be granted.

Smith's persistent pattern of filing vexatious, meritless complaints (many of which he subsequently abandons) against individuals who have allegedly treated him uncivilly or

---

[5] Again, Smith does not even allege that Boyd or the police officers spoke to him or otherwise interacted with him, only that Boyd "escorted" two officers to him.

in a manner he personally finds offensive or disrespectful is not harmless. "Civil rights laws were not intended to be a 'civility code,'" *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Moreover, "[l]awsuits are not vehicles for avenging one's pride or for venting indignation at a perceived insult or moral failing; they are for addressing a *legal* wrong." *Lietzke v. City of Montgomery, Ala.*, No. 2:21-CV-207-ECM-JTA, 2023 WL 3937427, at *4 (M.D. Ala. June 9, 2023) (emphasis in original). "Neither are *in forma pauperis* lawsuits cheap lottery tickets to be amassed in the vain hope that, on the improbable off chance, one may yield a cash windfall." *Id*. Smith is therefore advised that his Amended Complaint will be subject to review under § 1915(e)(2)(B), and he is further advised that, in determining whether the Amended Complaint is frivolous and malicious, the court can consider his history of filing unmeritorious cases. *Bilal*, 251 F.3d at 1350 (affirming dismissal of an apparently meritless amended complaint pursuant to 1915(e)(2)(B) where, among other things, "[t]he district court was all too familiar with Plaintiff's repetitive and trifling litigation tactics," which included filing "forty-three other civil rights cases, twenty-eight of which had been dismissed as frivolous or malicious"). Also, the action may be dismissed as frivolous and malicious under § 1915(e)(2)(B)(i) if the court finds that the Amended Complaint is meritless abuse of judicial process. *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020).

Further, in light of Smith's litigation history, he is reminded that, in filing his Amended Complaint, he is subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure, which provides, among other things, that,

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an … unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

"Filing a lawsuit is a serious matter, which often times results in significant consequences to the parties." *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990-91 (11th Cir. 2015). "Time spent addressing … frivolous cases is time diverted from meritorious litigation." *Lietzke*, 2023 WL 3937427, at *4. "'Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate [judge], or the [district] judge.'" *Id.* (quoting *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (alterations in original)). "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." *Nurse*, 618 F. App'x at 991. Therefore, an Amended Complaint that Smith knows or should know is meritless, frivolous, or vexatious will subject Smith to sanctions, including

13

monetary sanctions, dismissal of this case with or without prejudice, or other appropriate measures designed to deter vexatious litigation. Failure to comply with the instructions in this Order will also subject Smith to sanctions.

Finally, as he already well knows, Smith is again reminded that this is <u>his</u> lawsuit, and it is <u>his</u> duty to comply with court orders and stay abreast of developments in the case. *See Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA, July 14, 2023 Recommendation of the Magistrate Judge (Doc. No. 8 at 8 n.9) ("Smith is responsible for staying informed on the status of his cases."), *recommendation adopted*, August 29, 2023 Order of the United States District Judge (Doc. No. 9). On July 3, 2023, Smith filed a notice that his post office box was closed, and that he hoped to have the issue resolved "sometime in July of 2023 if not before then." (Doc. No. 8 at 1.) Smith is aware that he is not receiving mail sent to his address of record. (*Id*.) Accordingly, any failure to receive this Order does not excuse him from timely complying with it, as he knows that he is responsible to stay informed of the status of his cases, knows that he is not receiving mail, resides in the area, and is capable of checking the status of his case by contacting or visiting the Office of the Clerk of the Court. As noted in a previous action:

> Smith has numerous cases currently pending before this court. If he is not held to the same standard as other litigants and required to timely comply with court orders (particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of justice and judicious use of limited court resources will be and is palpable in other cases and matters before the court.

*Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA, July 14, 2023 Recommendation of the Magistrate Judge (Doc. No. 8 at 9) (footnote omitted).

### III.  CONCLUSION

Accordingly, it is ORDERED as follows:

1.  **On or before September 22, 2023,** Smith shall file a notice with the court updating his mailing address <u>or</u> informing the court that he has not yet obtained a new mailing address and providing available contact information, if any.

2.  **On or before September 22, 2023**, Smith shall file an Amended Complaint. The Amended Complaint shall be a simple, concise statement of Smith's claims, including the following:

    a.  Smith must set out in separately numbered paragraphs a short and plain statement of the basis for the court's jurisdiction and sufficient facts demonstrating why the court has jurisdiction.

    b.  Smith must set out in separately numbered paragraphs a short, plain statement of the facts on which he bases the claims in the amended complaint. To the extent possible, for each alleged wrongful act of each Defendant, Smith should include the date(s) of the alleged wrongful act, a description of the alleged wrongful act, the names of those who allegedly participated in the alleged wrongful act, and the facts supporting Smith's contention that the wrongful act gives rise to a legally cognizable cause of action.

    c.  Smith must set out his legal claims (causes of action) in separate counts, with one claim per count, referencing the specific allegations of fact that support each legal claim. "If doing so would promote clarity, each claim

founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b).

d. Smith shall state plainly the relief requested from the court.

e. The Amended Complaint must comply with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), and Rule 10.[6]

f. Smith shall sign and file the Amended Complaint in accordance with Rules 11(a) and 11(b) of the Federal Rules of Civil Procedure.

3. As an alternative to complying with paragraph 2. above, if Smith wishes not to file an Amended Complaint and to pursue this action no further, then, he shall not simply fail to comply with this order. If he no longer wishes to pursue this case, then, **on or before September 22, 2023,** he shall file a notice informing the court that he wishes to dismiss this lawsuit. Whether or not Smith chooses to pursue this action, he shall still comply with the requirements of paragraph 1. above, which requires him to file a notice regarding his updated contact information.

*Smith is advised that failure to strictly comply with this Order may constitute grounds for sanctions, including monetary sanctions, dismissal of this action with or without prejudice for failure to prosecute this case and for failure to comply with the court's orders, or other sanctions reasonably tailored to ensure compliance with court orders and deter frivolous litigation.*

---

[6] The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures.

DONE this 8th day of September, 2023.

_/s/ Jerusha T. Adams_
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE